# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| MARVIN KEITH COUNCIL | CIVIL ACTION NO. 04-2570-P |
| VERSUS | JUDGE HICKS |
| DR. COLOGN, ET AL. | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint and amended complaint filed by pro se plaintiff Marvin Keith Council[1] ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on December 17, 2004. Plaintiff is currently incarcerated at the LaSalle Correctional Center, but he complains his civil rights were violated by prison officials while he was detained at the Caddo Correctional Center in Shreveport, Louisiana. He names Dr. Cologn, Sheriff Steve Prator, Warden John Sells, Deputy Collins, Deputy H. Wilson, Deputy R. Terrell and Dr. Flournoy as defendants.

Plaintiff claims that from June 24, 2003, until December 2003, he was detained at the Caddo Correctional Center. He claims that prior to his detention, his private doctor had

---

[1] Plaintiff claims he was a pre-trial detainee while detained at the Caddo Correctional Center.

prescribed Xanax and Lexapro for his anxiety disorder. He complains that upon his arrival at the Caddo Correctional Center, he was not given either Xanax or Lexapro. Plaintiff claims that on August 5, 2003, he visited the mental health department. He claims Dr. Flournoy prescribed Paxil for him and that on August 8, 2003, he began taking Paxil. Plaintiff claims that on August 26, 2003, he went to the mental health department for a follow-up visit and spoke with Dr. Cologn who increased the Paxil dosage.

Plaintiff claims that also on August 26, 2003, Deputy Wilson searched his cell and found ten small pieces of paper in his toilet. He admitted to Deputy Wilson that he had put them there. He complains Deputy Wilson forced him to remove the paper from the toilet with his bare hands.

Plaintiff claims that on September 16, 2003, he fell from the top bunk onto a foot locker and injured his back. He complains that the IBU prescribed for him did not help his pain. He claims the doctor was not concerned with the numbness and tingling he experienced after the fall.

Plaintiff claims that on September 20, 2003, fellow inmates attended a church service and disrupted it. He also claims Caddo Correctional Center prison officials violated his religious rights.

Plaintiff claims that on September 21, 2003, Deputy R. Terrell would not allow him to exit his cell to take a shower. He claims his due process rights were violated because this denial was punishment without a disciplinary report or hearing.

Plaintiff claims that on October 7, 2003, Dr. Cologn prescribed Lexapro for him and that he began taking it on October 8, 2003. He complains that Dr. Cologn did not also prescribe Xanax for him.

Plaintiff claims that on October 8, 2003, he was not given a clean jump suit because the official who dispensed the clean jump suits was absent.

Plaintiff claims that between October 1, 2003 and October 10, 2003, he was not given medication for his headaches.

Plaintiff claims that on November 2, 2003, he returned to his cell during his recreation time to use the bathroom. He complains Deputy Collins would not allow him to leave his cell for the remainder of his recreation time. He claims two other inmates who also returned to their cells were allowed the remainder of their recreation time. He claims his due process rights were violated because this denial was punishment without a disciplinary report or hearing.

Plaintiff claims he suffered numerous anxiety and panic attacks. He claims that as a result of these attacks, he twice suffered physical injuries which required medical attention. He also claims he suffered sleeplessness and mental anguish.

As relief, Plaintiff seeks monetary, nominal and exemplary damages, court fees and proper medical treatment.

**LAW AND ANALYSIS**

**Denial of Medical Treatment Claims**

The standard to apply in analyzing a denial of medical care claim asserted by a pre-trial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997), quoting Hare v. City of Corinth, 74 F.3d 633, 644 (5th Cir. 1996). "A 'condition of confinement' case is a 'constitutional attack on general conditions, practices, rules, or restrictions of pretrial confinement.'" Scott, 114 F.3d at 53, quoting Hare, 74 F.3d at 644.[2] An episodic act or omission case is defined as follows:

> [W]here the complained-of harm is a particular act or omission of one or more officials, the action is characterized properly as an 'episodic act or omission' case and is not amendable to review under the Wolfish test. [I]n an episodic act or omission case, an actor usually is interposed between the detainee and the municipality, such that the detainee complains first of a particular act of, or omission by, the actor and then points derivatively to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission. [Internal citations and quotation marks omitted.]

Id.

In Nerren v. Livingston Police Dept., 86 F.3d 469 (5th Cir. 1996), the Fifth Circuit classified a case involving the alleged denial of adequate medical care to an arrestee as an episodic case. Thus, the instant claim is analyzed as an episodic act case. In Nerren, the court applied a deliberate indifference standard stating, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." The court then defined

---

[2]In such a case, the reasonable relationship test of Bell v. Wolfish, supra, is applicable. Under this test, if the condition of confinement is reasonably related to a legitimate, non-punitive governmental objective, the condition is constitutional. Scott, 74 F.3d at 53.

subjective deliberate indifference as "subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference." Nerren, 86 F.3d at 473. This is the same standard applicable to convicted prisoners,[3] that is, the medical care must be "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Thus, Plaintiff must allege and be able to prove that each named Defendant has been deliberately indifferent to his serious medical needs or the claim is subject to dismissal as frivolous. Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997).

The record does not contain facts which sufficiently show that the named Defendants have been deliberately indifferent to any serious medical needs. As discussed above, a constitutional violation requires a sufficiently serious deprivation and deliberate indifference on the part of the defendant prison official. Farmer, supra.

---

[3]The Eighth Amendment applies to convicted prisoners. There are two requirements that must be met to show that a prison official has violated the Eighth Amendment. The first is an objective requirement that the inmate allege a sufficiently serious deprivation. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811, 823 (1994). Second, only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. A prison official must have a sufficiently culpable state of mind, defined as deliberate indifference or knowing disregard of an excessive risk to inmate health or safety. Farmer, 128 L.Ed.2d at 825; Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). Under this standard, a lack of proper inmate medical care can be cruel and unusual punishment only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976).

To the contrary, the record demonstrates that the Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff claims he was examined by the medical staff on numerous occasions. Plaintiff claims he was denied the prescription medications prescribed for his anxiety disorder by his private doctor prior to his detention at the Caddo Correctional Center. However, he admits that in August 2003, he visited the mental health department and Dr. Flournoy prescribed Paxil for his anxiety disorder. He further admits that he began receiving Paxil on August 8, 2003. Plaintiff admits that on August 26, 2003, he visited the mental health department for a follow-up visit and spoke with Dr. Cologn who increased his dose of Paxil. Plaintiff further admits that on October 7, 2003, Dr. Cologn prescribed Lexapro for his anxiety disorder and he began taking it on October 8, 2003.

Plaintiff claims he injured his back when he fell from his top bunk onto his foot locker. He admits that the medical department prescribed IBU for his pain. He further admits he saw the doctor several times and discussed the numbness and tingling he experienced after the fall.

Furthermore, the Court finds that the headaches Plaintiff allegedly suffered from

between October 1, 2003, and October 10, 2003, did not rise to the level of a serious medical need.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of the Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's claims regarding the denial of medical care should be dismissed as frivolous.

**Due Process Claims**

It should first be noted that Section 1983 does not establish substantive rights, but only provides a method for vindicating federal rights conferred elsewhere. Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999). Because Plaintiff is a pre-trial detainee and not a convicted prisoner, the Eighth Amendment's prohibition against cruel and unusual punishment is inapplicable. Edwards v. Johnson, 98-30972, p.4 (5th Cir. 2000)

(2000WL373976), citing, Ortega v. Rowe, 796 F.2d 765, 767 (5th Cir. 1986), *cert. denied*, 481 U.S. 1013, 107 S.Ct. 1887 (1987). A pre-trial detainee's constitutional claims are considered under the Fourteenth Amendment due process clause rather than the Eighth Amendment. Id. In evaluating such constitutional claims, the court must first classify them as in Olabisiomotosho v. City of Houston, 185 F.3d 521 (5th Cir. 1999), where the Fifth Circuit established a format for the proper analysis applicable to constitutional challenges by pre-trial detainees:

> We begin by deciding whether to classify the "challenge as an attack on a 'conditions of confinement' or as an 'episodic act or omission.' The former category would include such claims as "where a detainee complains of the number of bunks in a cell or his television or mail privileges." The latter category, on the other hand, occurs "where the complained-of harm is a particular act or omission of one or more officials."
>
> In an episodic act or omission case, . . . the plaintiff "must establish that the official(s) acted with subjective deliberate indifference to prove a violation of [his] constitutional rights." Subjective deliberate indifference means "the official had subjective knowledge of a substantial risk of serious harm to a pre-trial detainee but responded with deliberate indifference to that risk."

Olabisiomotosho, 185 F.3d, at 526 (citations omitted).

The Court finds that Plaintiff's due process claims should be classified as episodic acts or omissions. Thus, the proper analysis to be applied by this Court is a standard of subjective deliberate indifference as enunciated by the United States Supreme Court in Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977 (1994). Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996).

Plaintiff alleges Deputy Wilson forced him to remove paper from a toilet with his bare

hands. Plaintiff does not allege he suffered any injury as a result of removing the paper from the toilet with his bare hands. Furthermore, Plaintiff admits he is the one who placed the paper in the toilet. The Court finds that removing paper from a toilet with bare hands does not create a substantial risk of serious harm.

Plaintiff alleges Deputy R. Terrell did not allow him to take a shower on September 21, 2003. The Court finds that missing a shower for one day does not create a substantial risk of serious harm.

Plaintiff alleges that on October 8, 2003, he was not given a clean jump suit because the prison official who dispensed the clean jump suits was absent. The Court finds that Defendant did not act with deliberate indifference since Plaintiff admits he did not receive a clean jump suit because the official who dispensed them was absent. Furthermore, the Court finds that wearing a dirty jumpsuit for one or even several days does not create a substantial risk of serious harm.

Plaintiff claims that on November 2, 2003, he returned to his cell during his recreation time to use the bathroom. He complains Deputy Collins would not allow him to leave his cell for the remainder of his recreation time. The Court finds that missing one hour and 15 minutes of recreation time for one day does not create a substantial risk of serious harm.

Accordingly, Plaintiff's due process claims lack an arguable basis in law and should be dismissed with prejudice as frivolous.

**Equal Protection Claim**

In his complaint, Plaintiff claims that after he returned to his cell during his recreation time to use the bathroom, Deputy Collins would not allow him to leave his cell for the remainder of his recreation time. He claims two other inmates who also returned to their cells were allowed to leave their cells for the remainder of their recreation time. In order to state a claim under the Equal Protection Clause, Plaintiff must allege the Defendants intentionally discriminated against him because of membership in a protected class. Johnson v. Morel, 876 F.2d 477, 479 (5th Cir. 1989), abrogated on other grounds, Harper v. Harris County, Tex., 21 F.3d 597 (5th Cir. 1994). Prisoners are not a suspect class for purposes of constitutional protection. Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir.1998). Furthermore, as discussed above, Plaintiff has failed to establish that Defendants deprived him of an established right. Also, Plaintiff has failed to allege that Defendants purposefully discriminated against him. Thus, Plaintiff has failed to demonstrate that his equal protection rights were violated.

Accordingly, Plaintiff's claim that he was denied the right to equal protection by Defendants should be dismissed with prejudice as frivolous.

**Religion Claims**

Plaintiff complains that fellow inmates attended a church service on September 20, 2003, and disrupted it. Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. See 42 U.S.C. § 1983. A plaintiff in a

civil rights suit must show that the conduct of which he is complaining was committed by a person acting under color of state law. Plaintiff has not alleged any action that would give rise to his fellow inmates' being state actors for purposes of Section 1983. Because Plaintiff is not complaining of any civil rights violations committed by a "state actor," this claim lacks an arguable basis in law, and should be dismissed with prejudice as frivolous.

Plaintiff also complains that prison officials at Caddo Correctional Center violated his religious rights. A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so. Therefore, this claim should be dismissed as frivolous for failure to state a claim on which relief may be granted.

**CONCLUSION**

Because Plaintiff is a prisoner, this Court may dismiss the complaint before or after service of process, and before or after answers have been filed, if it finds the

complaint "frivolous" or if it "fails to state a claim upon which relief may be granted". See 28 U.S.C. § 1915A; See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998), cert. denied, 527 U.S. 1041 (1999).

For the reasons heretofore stated, the Court finds that the complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law and fact and is frivolous.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en

complaint "frivolous" or if it "fails to state a claim upon which relief may be granted". See 28 U.S.C. § 1915A; See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998), cert. denied, 527 U.S. 1041 (1999).

For the reasons heretofore stated, the Court finds that the complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law and fact and is frivolous.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en

banc).

**THUS DONE AND SIGNED**, in chambers, in Monroe, Louisiana, on this 23rd day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE